Herald Price Fahringer PLLC
d/b/a Fahringer & Dubno
43 West 43rd Street, Suite 261
New York, NY 10036
(212) 319-5351
erica.dubno@fahringerlaw.com
Erica T. Dubno, State Bar 37310
Counsel for Petitioner

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley Bieganski,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　　Respondents. | No.: CV-21-01684-PHX-DWL (MTM)<br><br>**PETITIONER'S REPLY TO RESPONSE TO OBJECTIONS TO REPORT AND RECOMMENDATION** |

As authorized by this Court on February 7, 2023 (Doc. 29), Petitioner replies to Respondents' response to Petitioner's objections to the Magistrate's Report & Recommendation ("R&R). Doc. 19, 25. Respondents object to Petitioner's inclusion of arguments made in Petitioner's briefing on the merits. Doc. 25 at 3. Any general objections or duplication was included to avoid possible claims of waiver. Moreover, any duplication was intended to put Petitioner's objections into context and to provide this Court with a more comprehensive introduction to this case. To the extent that they do not identify specific objections to the R&R, Petitioner submits that they may be viewed as surplusage and their inclusion should not detract from Petitioner's many specific objections.

Respondents claim that Petitioner "misreads the R&R" relating to the Magistrate's finding that "Petitioner fails to cite United States Supreme Court precedent indicating that due process requires a state to include an element of motivation by sexual interest in child molestation statutes." Doc. 25 at 4. However, the Magistrate's discussion of whether sexual

interest is an essential element of molestation is at the very heart of this case and application for habeas relief. Indeed, the Magistrate noted that "[d]etermining whether there exists 'clearly established' United States Supreme Court precedent is a threshold issue that this Court must decide before reaching the question of whether the state court's decision was contrary to, or unreasonably applied, such precedent." Doc. 19 at 5. The Magistrate then dedicated five pages to a detailed discussion of this issue. Doc. 19 at 7-11. It is clear that the Magistrate's denial of habeas relief was based in large measure on this issue. Doc. 19 at 11.

Respondents contend that the Magistrate did not overlook *Morissette v. United States*, 342 U.S. 246 (1952), because it "does not hold that due process requires courts to assume an intent requirement derived from 'older iterations of a statute or general notion of what separates innocent conduct from criminal conduct.'" Doc. 25 at 4. It does not, and should not, matter that *Morissette* involved one type of offense as opposed to another. The key proposition applies—intent may remain an implicit element of an offense even if it does not appear in the statute. 342 U.S. at 250.

Respondents claim that "the mens rea of child molestation is simply knowing or intentional contact with certain areas of a child's body" and the "knowing or intentional mens rea applies to the statutory elements of child molestation that criminalize otherwise innocent conduct." Doc. 25 at 5. This completely overlooks the salient fact that there is absolutely nothing criminal or wrongful when parents, nannies, and other legal guardians touch their children's genitals. Only *sexual intent* transforms innocent conduct into something wrongful and criminal.

Contrary to Respondents' contention, the offense of child molestation is *not* analogous to the offense of assault. Doc. 25 n. 1.

*First*, Arizona's assault statute "faithfully tracks the traditional elements" of the crime. *May v. Ryan*, 245 F. Supp. 3d 1145, 1163 (D. Ariz. 2017), *rev'd on other grounds,* 807 Fed. Appx. 632 (9th Cir. 2020), citing 1 William Hawkins, *A Treatise of the Pleas of the Crown* 133 (3d ed. 1739) (defining "assault" under English common law as

"an Attempt, or Offer, with Force and Violence, to do a corporal Hurt to another"). "Consistency with longstanding historical precedent, while not dispositive, carries great weight in establishing comportment with due process." 245 F. Supp. 3d at 1163, citing *Schad v. Arizona*, 501 U.S. 624, 650 (1991) (Scalia, J. concurring). ("It is precisely the historical practices that *define* what is 'due' [process]"). In contrast, as recognized by Judge Wake, the "virtually unanimous practice with consistent historical precedent" of requiring some sexual purpose for the offense of sexual molestation, weighs "heavily in favor of sexual intent as 'an inherent element of the offense'" that "the State must prove and cannot constitutionally put on an accused person to disprove." 245 F. Supp. 3d at 1161.

*Second*, the assault statute–A.R.S. § 13-1203(A)(1)–requires "physical injury" to another person. That conduct is intrinsically wrong, and *malum in se*. *See DuVall v. Board of Medical Examiners*, 49 Ariz. 329, 336 (1937), *superseded by statute on other grounds*. Whereas there is nothing intrinsically wrong with bathing a child or changing a diaper. Where a criminal statute prohibits conduct that is merely *malum prohibitum*, "the statute must be precise, because a person would not have a common societal understanding that he or she is committing a crime." 22 C.J.S. Criminal Law: *Substantive Principles*, § 11.

*Third*, Arizona's assault statute is merely a misdemeanor, carrying possibly no incarceration, or only up to six months in jail. A.R.S. § 13-1203(B); § 13-702(A)(1). Sexual molestation is a class 2 felony which carries a *presumptive sentence of 17 years*. A.R.S. § 13-1410; § 13-705(F). Petitioner Brad Bieganski, who has no criminal history, is wasting away in prison and forced to endure 34 years' imprisonment under a statutory scheme that did not require any criminal intent.

Respondents urge, in a footnote, that "Bieganski's second objection contains no specific objection to the R&R." Doc. 25 at 6 n.2. And, as a result, Respondents fail to address the second objection at all. However, in both the heading and the first sentence of that objection, Petitioner identified the issue and specifically objected to the Magistrate's finding that "it was not objectively unreasonable for the Arizona Court of Appeals to conclude that sexual intent is not an element of the crime of Arizona's child molestation

3

statutes and thus the affirmative defense did not negate any element of the offense." Doc. 22, citing Doc. 19 at 10.

Respondents urge that Petitioner's fourth specific objection—the Magistrate's presumption that the "state court's recounting of the facts is correct" and recommendation that Petitioner has not shown that the Arizona Court of Appeals misconstrued or unreasonably determined the facts in light of the evidence presented in state court"— "should be overruled." Doc. 25 at 8. Respondents reason that Petitioner has not explained why he bathed the girls with his hand. Doc. 25 at 9. However, Petitioner testified that "I don't like washrags. I think they're bacterial traps and I think you use a lot more soap, and it's quicker that way." Tr. 12/15/17 at 173. As the trial judge recognized, the only three counts that Petitioner was convicted of "were all bath cases." Tr. 1/23/18 at 32. Indeed, Petitioner, who bathed six to eight girls every Sunday for three years, was sentenced to 34-year imprisonment for momentarily touching just two girls in the tub while getting them ready for church. That incredibly low number of allegedly improper baths speaks volumes.

Respondents introduce additional records into this habeas proceeding through an Appendix to their response. Doc. 25-1. They cite to a highly redacted, incomplete, undated transcript, which is marked "RESTRICTED DOCUMENT!" to support the court of appeals' statement that "when interviewed by law enforcement on the day of his arrest, [Petitioner] denied that the acts occurred both to the officers and his wife." Doc. 25 at 11; Doc. 25-1 at 129. However, Petitioner denied inappropriately touching anyone. And it is clear from the transcript that he was stunned when interrogated by police officers and accused of a serious offense. Doc. 25-1 at 133.

Respondents claim that a certificate of appealability is not warranted because reasonable jurists would not debate the state court's findings because "[n]o clearly established federal law held that Arizona's statute was unconstitutional." Doc. 25 at 13. However, as indicated above, the specific law being challenged does not have to be identical to prior Supreme Court precedent. As Justice Scalia recognized, "[c]ertain principles are fundamental enough that when new factual permutations arise, the necessity

to apply the earlier rule will be beyond a doubt." *White v. Woodall*, 572 U.S. 415, 427 (2014). Here, the Supreme Court's principles cited by Petitioner, and addressed by Judge Wake, are fundamental and provide the controlling legal standard regarding element-defining and burden-shifting.

Respondents argue, in a footnote, that the trial judge's warning that the State might "risk reversal" by omitting the "standard instruction" that the prosecution bears the burden of proof on sexual intent, "does not constitute evidence contradicting the court of appeals' finding that Bieganski's actions were not legitimate parental duties." Doc. 25 at 14 n.8. However, the judge, who also presided over the first trial, recognized that the burden-shifting issue was particularly important in Petitioner's second trial, and he had "seen this as a case" the State might lose on appeal. Tr. 7/11/17 at 63.

Finally, Respondents seek to minimize the significance of the Legislature's elimination of the burden-shifting scheme. Doc. 25 at 6. However, it is extremely relevant because the amendment occurred shortly after Judge Wake unequivocally found that "convicting people without proof of wrongdoing because they have not disproved the only thing that could color their conduct as culpable" is contrary to clearly established federal law from the Supreme Court. *May*, 245 F. Supp. 3d at 1150, 1158, 1171. Judge Wake's judgment was vacated on a technicality. However, the logic of his arguments and the compelling Supreme Court precedent that he analyzed in that scholarly decision are directly relevant to this case, and worthy of consideration. Petitioner relies on his prior submissions for any issues that were not addressed here.

Respectfully submitted on January 23, 2023.

>*/s   Erica T. Dubno, Esq.*
>Erica T. Dubno, State Bar 37310
>
>Counsel for Bradley Bieganski

5

**Certificate of Service**

I hereby certify that on January 23, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Kris Mayes
Attorney General

J.D. Nielsen
Habeas Unit Chief

Mariette S. Ambri
Assistant Attorney General

1275 West Washington
Phoenix, Arizona 85007-2997

Counsel for Respondents

/s/ Erica T. Dubno, Esq