**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Bradley Bieganski, | No. CV-21-01684-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's motion to enforce the mandate.  (Doc. 45.)  For the reasons that follow, the motion is denied.

## RELEVANT BACKGROUND

This is a habeas corpus action under 28 U.S.C. § 2254.  In July 2023, the Court denied relief.  (Doc. 31.)

On August 12, 2025, the Ninth Circuit reversed.  *Bieganski v. Shinn*, 149 F.4th 1055 (9th Cir. 2025).  The final portion of the opinion reads: "The judgment of the district court is reversed and the matter is remanded to the district court to issue the writ of habeas corpus. REVERSED AND REMANDED WITH INSTRUCTIONS."  *Id.* at 1081.

On September 3, 2025, the parties filed a joint motion for release.  (Doc. 41.)  The parties "jointly move[d] this Court for an Order providing that Mr. Bieganski be released pending any further judicial review of the Ninth Circuit's Opinion vacating this Court's order denying a writ of habeas corpus and remanding with orders to grant the writ."  (*Id.* at 1.)  The parties noted that "[t]he mandate has not yet issued, and the parties have

stipulated to a 30-day extension of time for the Arizona Respondents to consider whether to seek review of the decision. . . .  The Arizona Respondents have not yet decided whether to seek review of the Ninth Circuit decision, either by means of a petition for panel rehearing or rehearing en banc to the full Ninth Circuit or a petition for writ of certiorari to the United States Supreme Court."  (*Id.* at 2.)  The parties also stated that the Arizona Respondents had "agreed not to contest" the presumption in favor of release arising from the issuance of the Ninth Circuit's decision, "contingent upon the imposition of the following release conditions, which shall have effect until this Court enters final judgment in this case."  (*Id.* at 3.)  The release conditions included the posting of a signature bond, a prohibition against applying for a passport or traveling outside the United States, certain travel-related reporting requirements, a prohibition against contact with the alleged victims, and a requirement to appear at any federal proceedings in which Petitioner's appearance was ordered by the court.  (*Id.* at 3-4.)

That same day, the Court granted the parties' joint motion and adopted their agreed-to release conditions.  (Doc. 42.)

On October 3, 2025, the mandate issued.  (Doc. 44.)

On December 10, 2025, Respondents filed a petition for certiorari with the Supreme Court.  (Doc. 46-1 at 3-32.)

On January 5, 2026, Petitioner filed a waiver of right to respond to the petition.  (Doc. 46 at 4.)

On January 9, 2026, the Supreme Court ordered Petitioner to file a response.  (Doc. 46-1 at 180.)

On January 12, 2026, Petitioner filed the pending motion to enforce the mandate.  (Doc. 45.)

On January 22, 2026, Respondents filed a response.  (Doc. 46.)

The deadline to file a reply has now expired and Petitioner did not file a reply.

…

…

**DISCUSSION**

In his motion, Petitioner asks the Court to enforce the mandate by granting him "an unconditional writ of habeas corpus." (Doc. 45 at 1.) Petitioner contends that "[b]y declaring the statute under which Mr. Bieganski was convicted invalid, the Ninth Circuit has necessarily found that retrial would be inappropriate and that an unconditional writ must issue." (*Id.* at 3.) Petitioner concludes: "The Mandate issued from the Ninth Circuit over three months ago. This Court must now enforce that mandate, and Mr. Bieganski respectfully requests an[] order from this court (1) granting him an unconditional writ of habeas corpus prohibiting his retrial in state court; and (2) vacating his convictions and sentences. Additionally, any terms and conditions imposed on Petitioner pursuant to this Court's order should be vacated when this Court enters final judgment in this case, and the signature bond should also immediately be exonerated." (*Id.* at 5, citations omitted.)

In response, Respondents contend that "from the time the parties filed the Amended Joint Stipulated Motion for Release, on September 3, 2025, until January 12, 2026, when Bieganski filed his pending motion, Bieganski never gave any indication that he would seek to enforce the mandate until after the Supreme Court's resolution of Respondents' certiorari petition. Thus, based on the language in the Amended Joint Stipulated Motion for Release, as well as Bieganski's actions (or non-actions), Respondents reasonably believed that that it was not necessary to independently request a formal stay of the mandate. For this reason alone, the Court should deny Bieganski's motion." (Doc. 46 at 4.) At any rate, Respondents contend that the Court possesses the inherent authority to stay the enforcement of the mandate, and "because of Respondents' reliance on the Amended Joint Stipulated Motion for Release, as well as on Bieganski's actions and nonactions, and the fact that granting the pending motion will obstruct 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law' in light of the pending Supreme Court litigation, this Court should alternatively stay enforcement of the mandate." (*Id.* at 5.)

The Court agrees with Respondents that, under the unusual circumstances presented

here, a stay of enforcement of the mandate is warranted.  Of course, Respondents could have asked the Ninth Circuit to stay *issuance* of the mandate pending their pursuit of further review by the Supreme Court, s*ee* Fed. R. App. P. 41(d)(1), but it is also permissible to ask the district court to stay *enforcement* of the mandate pending the resolution of a certiorari petition, at least when (as here) the mandate does not specifically foreclose that approach. *Chinaryan v. City of Los Angeles*, 122 F.4th 823, 825 (9th Cir. 2024) ("Defendants are free to seek a stay of the proceedings in the district court while they petition for writ of certiorari.  The district court possesses inherent authority to stay federal proceedings pursuant to its docket management powers.  When considering whether to grant such a stay, courts must weigh three non-exclusive factors: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.  Although district courts must faithfully carry out both the letter and the spirit of our mandates, they are free as to anything not foreclosed by the mandate.  Our mandate remanded the case to the district court 'for a new trial on all of plaintiffs' claims against the individual officers.'  We did not specify a time frame or otherwise suggest that the district court lacked authority to stay the case.  Thus, we leave to the district court to determine whether a stay pending a petition for writ of certiorari is appropriate in this case.") (cleaned up).  Here, both sides agreed—when they jointly sought relief from this Court before the mandate issued—that the agreed-to release conditions would remain in place "pending any further judicial review of the Ninth Circuit's Opinion." (Doc. 41 at 1.)  Petitioner is now effectively seeking to back out of that agreement, by seeking to vacate the agreed-to release conditions even though the anticipated "further judicial review" remains ongoing.  Under these circumstances, a stay of enforcement of the mandate so as to preserve the status quo—a status quo that, again, involves Petitioner already having been released from custody—is the appropriate outcome.  This approach will cause little if any damage to Petitioner, will avoid hardship or inequity to Respondents, and will promote the orderly course of justice measured in

terms of the simplifying or complicating of issues, proof, and questions of law.

Accordingly,

**IT IS ORDERED** that:

1.    Petitioner's motion to enforce the mandate (Doc. 45) is **denied**.

2.    Enforcement of the mandate is stayed pending the resolution of Respondents' petition for certiorari.

Dated this 30th day of January, 2026.

_____
Dominic W. Lanza
United States District Judge